```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HASHIM ELOBIED,                       :    CIVIL ACTION
                                      :    NO. 12-3762
          Plaintiff,                  :
                                      :
     v.                               :
                                      :
TRESCOTT BAYLOCK, ET AL.,             :
                                      :
          Defendants.                 :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    April 15, 2014

Currently pending in the aforementioned matter is Plaintiff Hashim Elobied ("Elobied")'s Motion for Alternative Service of Summons and Complaint (ECF No. 15), requesting leave to serve Defendants, allegedly now residing at an undisclosed location within Switzerland, by e-mail. For the reasons that follow, the Court will deny Elobied's motion.

I.   FACTUAL AND PROCEDURAL HISTORY

Elobied filed the pending Complaint (ECF No. 1) against Defendants Trescott Baylock ("Baylock") and Enjoli Pitcher ("Pitcher") on July 3, 2012. Pitcher and Baylock are United

1

States citizens. Elobied's cause of action arises from an alleged oral agreement, occurring on or around May 8, 2008, between Elobied and the Defendants to sell Elobied a "certain Bentley Contingental[sic] GT automobile," for a "total all-inclusive purchase price of [$50,000]," see Compl. ¶¶ 7, 9. Elobied asserts that he paid this purchase price in a series of individual payments between May 8 and May 26, 2008, but that Defendants failed to deliver the vehicle promised under the agreement Id. ¶¶ 10-14. Elobied now raises a variety of common law contract and quasi-contract claims, the object of which appears to be recovery of damages totaling $100,000, "represent[ing] the minimum reasonable replacement value of the subject vehicle." Id. ¶ 24. Defendants have never been served the summons and pending complaint and thus have not answered Elobied's allegations.

Elobied has received sixty-day extensions of the deadline to complete service on three prior occasions. See Order Granting 60 Day Extension, ECF No. 4; Order Granting Plaintiff's Motion for Enlargement of Time for Service, ECF No. 7; Order Granting Plaintiff's Motion to Vacate, ECF No. 14.

Without considering the merits of the various claims

within the pending complaint, the Court now turns to Elobied's pending motion to complete service through alternative means.

II. ELOBIED's MOTION FOR ALTERNATIVE SERVICE

Elobied seeks permission of the Court to serve Defendants Baylock and Pitcher, allegedly now located in Switzerland, via e-mail communication, having failed to complete service through regular means within the United States.

Elobied asserts that Baylock and Pitcher are individuals residing at the addresses 6630 Shaffers Way, Lithonia, GA 30056, and 1300 East 103rd Street, Los Angeles, CA 90002, respectively. See Compl. 1, ECF No. 1. An initial attempt to execute service on Baylock via private process server failed and the summons returned unexecuted, as the 6630 Shaffers Way address was found to be vacant. See Notice of Summons Returned Unexecuted, ECF No. 2. Elobied has represented to the Court that even after private investigations and attempts at service to these two defendants at addresses in Richmond City, Virginia; Los Angeles, California; the states of New York and Georgia; and abroad in Europe, service has not been completed. See First Mot.

Extend Time 1-2, ECF No. 3; Second Mot. Extend Time 1-2, ECF No. 6; Mot. Vacate Order Dismissing Case, 1-2, ECF No. 9; Mot. Alternative Service 1, ECF No. 15.

Elobied claims that Defendants have intentionally evaded attempts at service, and further asserts that Defendant Baylock has resided in Switzerland since November of 2013. See Mot. Alternative Service ¶ 4. As evidence of Baylock's current residence abroad, Elobied submits to the Court four screenshots of the Facebook page of "Dlyfe Show," Baylock's purported alias, with postings purportedly originating from Zurich, Switzerland. See id., Exs. 1-4, Screen Shots of "Dlyfe Show" Facebook Profile, ECF Nos. 15-1 – 15-4. This Facebook profile also indicates a current residence in Zurich, Switzerland for the individual "Dlyfe." See id., Screenshot 4, ECF No. 15-4.

A) Alternative Service Abroad Under the Federal Rules of Civil Procedure

Pursuant with Federal Rule of Civil Procedure 4(f), an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, may be served in a foreign country, where federal law does not provide otherwise. Such service may occur "by any internationally agreed means of

4

service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," see Fed. R. Civ. P. 4(f)(1), or "by other means not prohibited by international agreement, as the court orders," see Fed. R. Civ. P. 4(f)(3).

Elobied requests the Court's authorization to complete service of Summons and Complaint upon Defendants Baylock and Pitcher via e-mail, pursuant with Federal Rule of 4(f)(3).

As to Pitcher, the Court will deny this request summarily, as Elobied has put forth no evidence indicating that Pitcher is located in a foreign country.

As to Baylock, the Court will deny this request, finding that, under these circumstances, service via e-mail is not permitted by the applicable international law, namely the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Convention") shared by the United States and Switzerland.

B) <u>International Law Governing the Use of E-mail to Service of Action Pending in United States Federal District Court,</u>

to United States Citizen Located in Switzerland

The United States and Switzerland are both current signatories to the Hague Convention. See Treaties in Force, United States Department of State, 401, Jan. 1, 2013, available at http://www.state.gov/documents/organization/218912.pdf.

Under Article 1, paragraph 1, the Convention provides that it shall apply "in all cases, in civil and commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention Art. 1, ¶ 1. Because Elobied seeks to complete service on Baylock while he resides in Switzerland, the Hague Convention appears to dictate permissible means of service.

The Court also takes note of Article I, paragraph 2 of the Convention, which specifies that "th[e] Convention shall not apply where the address of the person to be served with the document is not known." Hague Convention Art. 1, ¶ 2. The Court presumes that Elobied does not profess to know Baylock's address in Switzerland and that this lack of information is a factor in the request for alternative service via e-mail. However, the fact that Baylock's physical address is currently unknown does

not impact the applicability of the Convention in this case, as knowledge of an e-mail address of the person to be served may be sufficient for the Convention to apply. See PERMANENT BUREAU OF THE HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, PRACTICAL HANDBOOK ON THE OPERATION OF THE HAGUE SERVICE CONVENTION 30-33 (3d ed. 1996) (stating that "in the era of new electronic communication technologies," a known e-mail address may be considered sufficient to satisfy the requirements of Article 1, paragraph 1 of the Hague Convention).

The Convention provides that "each contracting state shall designate a central authority which will undertake to receive requests for service coming from other contracting states," Hague Convention Art. 2, and further provides procedures for submission of such requests for service through the central authority in Articles 3 through 6. The Convention additionally allows for service through alternative channels, not involving the foreign state's central authority, in Articles 8, 9, and 10 of the Convention. In particular, in Article 10, the Convention provides for service on a person located abroad through "postal channels," Hague Convention Art. 10(a), an expression which might be interpreted to allow for service via e-mail. This potential allowance for e-mail service is not

available under the circumstances of this case, however, because Switzerland, in signing the Hague Convention, expressly declared its "oppos[ition] to the use in its territory of the methods of transmission provided for in . . . Article 10." Hague Convention, Declarations and Reservations of Switzerland, THE HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, available at http://www.hcch.net/index_en.php?act=status.comment&csid=424&disp=resdn (Jan. 23, 2013).

The Court thus interprets the prevailing international agreement shared between the United States and Switzerland to not permit international service of process upon individuals located in Switzerland other than by transmission of service through the Swiss Central Authority, as outlined in Hague Convention Articles 2 through 6. The Court finds that this circumscribed international standard does not allow service through e-mail upon an individual located in Switzerland. Accordingly, Rule 4(f)(3) does not permit Elobied's request for authorization of alternative service via e-mail.

C) Due Process Limitations on Alternative Service by E-mail

Because the prevailing international law does not permit

service via e-mail of filings in a lawsuit pending in the United States on an individual located in Switzerland, the Court need not reach the question of whether service via email, under these circumstances, would fulfil United States Constitution's Due Process requirement of being "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[1] Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

III. CONCLUSION

For the reasons set forth, Elobied's request for

---

[1] While other federal courts have authorized service via e-mail pursuant with Rule 4(f)(3), see, e.g., Rio, 284 F.3d at 1016; F.T.C. v. PCCare247 Inc., Civ. No. 12-7189, 2013 WL 841037 (S.D.N.Y. Aug. 12, 2013), those cases have no bearing in the instant circumstance, where international law does not permit the use of such a means of service. Additionally, the Court notes that the circumstances of this case, where the plaintiff knows the identity of the defendants, the defendants are U.S. citizens who, at one time, maintained physical addresses in the United States, and the activities underlying the cause of action occurred on U.S. soil, is distinguishable from other cases where email service has been deemed allowable, as against a foreign corporation physically located abroad or against a defendant who was identifiable only by his internet protocol (IP) address.

alternative service is DENIED.

An appropriate order follows.